OPINION OF THE COURT
Lester Evens, J.
The petitioner seeks to obtain a judgment of possession on the ground that the respondent has not maintained the subject apartment as his primary residence. The petitioner also moves to dismiss several of the respondent’s affirmative defenses. The respondent cross-moves to dismiss the petition on several grounds. The respondent’s motion is granted on the ground that petitioner has not stated a cause of action for eviction, and on the ground that this court does not have subject matter jurisdiction to determine the primary residence status of the respondent.
The respondent is a tenant protected by the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4; hereinafter cited as the ETPA). He has been living in the subject apartment since April 1977, and his last lease expired on May 31,1984. Although the holdover petition states that the apartment is subject to the *941 Rent Stabilization Law (Administrative Code of City of New York § YY51-1.0 et seq.), the vacancy occurring in 1974 clearly converted the apartment into an ETPA protected unit, and the court will assume, despite the confusion in the papers of both sides, that the relevant law for this discussion is the ETPA.
The ETPA, as well as the Rent Stabilization Law and the Code of the Rent Stabilization Association of New York City, Inc., along with the New York City Rent and Rehabilitation Law and the New York City Rent and Eviction Regulations, reveal a consistent statutory scheme in that each of these statutes and accompanying regulations consists of two basic substantive elements, one relating to coverage under the law and the other dealing with implementation. (See, this court’s decision in Axelrod Co. v Dixon Studio, 122 Misc 2d 770 [Civ Ct, NY County 1983].)
The coverage element of each of the statutes deals with such subjects as who is covered under the law, who is exempt, how much rent may be charged, how adjustments may be made in the rent, and when apartments may be decontrolled. The implementation element deals with sanctions against violators, the authority of the administrative agencies to administer those sanctions, the grounds under which a landlord may evict a tenant, as well as various procedural matters. In each of the three laws the basic outline is the same; coverage and implementation are the cornerstones of the law.
Each of these three laws includes an explicit reference to primary residence in its coverage portion. (See, ETPA § 5 [a] [11] [McKinney’s Uncons Laws of NY § 8625 (a) (11)], as amended by L 1983, ch 403, § 55.) Prior to the passage of the Omnibus Housing Act, administrative agencies made determinations of a tenant’s primary residence status under each of the rent-controlling laws. Under the ETPA, determination of a tenant’s primary residence status was made by the Conciliation and Appeals Board. (See, Code of Rent Stabilization Association of New York City, Inc. § 54 [E].) If the Board made a determination that the tenant did not occupy the premises as a primary residence, then the landlord was not required to offer a renewal lease to the tenant. The order did not constitute an independent ground for eviction of the tenant. The landlord who obtained such an order could, at the expiration of the tenant’s term, either evict or renew that tenant’s lease at agreed terms, subject only to the forces of the marketplace. Primary residence was not then nor is it now a violation of the landlord-tenant relationship and, therefore, not a ground for accelerating the term of the leáse or for evicting a protected tenant.
*942 In the Omnibus Housing Act (L 1983, ch 403), the Legislature, cognizant of the backlog and delays in the administrative process of determining a tenant’s primary residence status, decided to relieve the agency of that administrative burden. With the hope and intention, no doubt, of improving the process, the Legislature devised the “solution” of transferring to the courts the jurisdiction to determine a tenant’s primary residence status. (ETPA § 5 [a] [11] [McKinney’s Uncons Laws of NY § 8625 (a) (11)], as amended by L 1983, ch 403, § 55.) Nonprimary residence was not added as a new ground for eviction. The change made by the Legislature simply shifted to the courts the responsibility for determining if an apartment was being used as a tenant’s primary residence. Such a determination of the “legal rights of the parties” can only be made by seeking a declaratory judgment pursuant to CPLR 3001. The Civil Court does not have jurisdiction to render a declaratory judgment on the issue of a tenant’s primary residence. (See, CCA 201, 212-a; NY Const, art VI, § 15.)*
Since a finding of nonprimary residence by the Supreme Court would allow a landlord not to offer a tenant a renewal lease, the Legislature went on further to say that in the event the landlord should, after a favorable declaratory judgment, seek to evict the tenant on that ground, the landlord must first give the tenant 30 days’ notice of its intention to do so. (ETPA § 5 [a] [11] [McKinney’s Uncons Laws of NY § 8625 (a) (11)], as amended by L1983, ch 403, § 55.) This is the Legislature’s direction to the Supreme Court that any declaratory judgment of nonprimary residence must contain the requirement for a 30-day notice of intention before an eviction may be implemented. Until the time that the Supreme Court makes a determination, the tenant is protected by the ETPA.
The petitioner’s motion to dismiss the respondent’s affirmative defenses is denied as moot.

 With regard to rent-controlled tenants, see, Ray v Dudley-Allen (127 Misc 2d 937 [Civ Ct, NY County]).